IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| D.D. Individually and as Parent and Next Friend of S.D., <br>     Plaintiffs, <br><br> And <br><br> Bartholomew Consolidated School Corp., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) Cause No.   1:23-cv-1319 <br> ) <br> ) <br> ) |

COMPLAINT and DEMAND FOR TRIAL BY JURY

COMES NOW, D.D. Individually and as Parent and Next Friend of S.D. and does hereby bring this action against Defendant school corporation Bartholomew Consolidated School Corporation (hereinafter "BCSC") for damages suffered as a result of discrimination against D.D. and S.D on the basis of S.D.'s disability. Plaintiffs hereby request a trial by jury in this matter.

INTRODUCTION

1. This action is brought pursuant to the Fourteenth Amendment of the U.S. Constitution, Section II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

2. D.D. and S.D. live in Bartholomew County, Indiana. BCSC is also located in Bartholomew County.

3. S.D., the student is a qualified individual with a disability and attends school at BCSC.

4. BCSC is an Indiana public school corporation that receives federal funding for the education of students with disabilities and other services.

5. BCSC discriminated against S.D. on the basis of his disability and as a result, S.D. and D.D. have suffered emotional, pecuniary, and actual damages.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to 28 USC §1331 and §1367, the Fourteenth Amendment, Section 504 of the Rehabilitation Act and the Americans with Disabilities Act.

7. This Court, without regard to the amount in controversy has jurisdiction over the Plaintiffs' request pursuant to federal statutes and Indiana statutes.

8. Venue is proper in the Southern District of Indiana, Indianapolis Division, because all of the actions took place in Bartholomew County. Additionally, the parties lived, resided, or were incorporated in Bartholomew County, Indiana when all the relevant action took place.

## PARTIES

9. D.D. and S.D. live in Bartholomew County, Indiana and S.D. has legal residence within the BCSC school boundaries.

10. S.D. is a qualified individual with a disability and his mother is D.D.

11. BCSC is a public school corporation in Bartholomew County, Indiana and located at 1200 Central Avenue, Columbus, IN 47201.

## FACTS APPLICABLE TO ALL COUNTS

12. Plaintiffs incorporate by reference all other allegations as if fully set forth here.

13. S.D. is an incoming ninth grade student. He has Oppositional Defiant Disorder and Attention Deficit Hyperactivity Disorder and as a result, is a qualified individual with a disability.

14. During the 2021-2022 school year, S.D. attended Central Middle School, a school within the BCSC school district.

15. During that school year, BCSC made it clear that they did not want to provide S.D. access to the school environment as a result of his disability.

16. First, BCSC proposed a self-contained learning environment, restricting S.D.'s access to typical peers but not with enough support.

17. When that didn't work, BCSC encouraged D.D. to place S.D. on half days while still not providing S.D. support.

18. When D.D. did not agree to that, S.D. was secluded and forced into a classroom alone.

19. While secluded, S.D. did not work with a licensed teacher and many times worked with no teacher at all.

20. Rather than revise S.D.'s individualized education program or reevaluate him for the need of additional services, BCSC overly removed S.D. from school, barring his access to the educational environment.

21. On or about May of 2022, S.D., who is impulsive, made an immature comment about the school's color guard rifles "looking cool" and wished he could use them to go through the school like in the video game Grand Theft Auto.

22. BCSC called D.D. and told her that she had to pick up S.D. from school and could not return him unless she obtained, at her own expense, a risk assessment of him.

23. As a result, S.D. remained out of school for a year and D.D. was forced to quit her job to homeschool him.

24. BCSC constructively expelled S.D. without providing due process.

25. These actions harmed both S.D. and D.D. financially and emotionally.

<u>COUNT 1 – VIOLATION OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION</u>

26. Plaintiffs hereby replead and incorporate by reference paragraphs 1-25.

27. S.D. is an individual with a disability and was entitled to attend school at BCSC because he has legal settlement there.

28. BCSC is an Indiana public school corporation that receives federal funding for educating students with special needs and other federal funds.

29. BCSC violated the Fourteenth Amendment by not allowing S.D. to attend school solely because of his disability.

30. The Plaintiffs have been emotionally and financially harmed by Defendants' actions.

## COUNT II – VIOLATION OF 42 U.S.C. §1983

31. Plaintiffs hereby incorporate and replead paragraphs 1-30.

32. BCSC is a state actor and used its power to willfully, wantonly, and recklessly discriminate against the Family on the basis of S.D.'s disability.

33. BCSC used its authority under state law to deprive them of equal protections under applicable federal laws.

34. BCSC conspired against Plaintiffs to deprive them of equal protections under applicable federal laws.

35. BCSC's actions were a gross misjudgment and made in bad faith.

36. BCSC has a widespread pattern and practice of discriminating against disabled students by not providing them with the same protections as other students or punishing them more frequently for similar behaviors.

37. BCSC's relevant policies and practices have had a disparate and disproportionate impact on disabled students.

38. Plaintiffs have been emotionally and financially harmed by Defendants' actions.

### COUNT III – VIOLATION OF AMERICANS WITH DISABILITIES ACT

39. Plaintiffs hereby incorporate and replead paragraphs 1-38.

40. BCSC discriminated against the Family on the basis of S.D.'s disability.

41. BCSC is a state actor and receives federal funds for S.D.'s benefit, including but not limited to funds under the Elementary and Secondary Schools Emergency Relief Funds, Title One, School Nutrition Funds, and funds under the IDEA.

42. BCSC's actions have prevented S.D. from attending school, which is his constitutional right.

43. BCSC's actions and inactions created an environment that was severe and pervasive enough to deprive S.D. of access to educational benefits.

44. As a result of discrimination, Plaintiffs have suffered both financially and emotionally.

### COUNT IV – VIOLATION OF SECTION 504

45. Plaintiffs hereby replead and incorporate by reference all allegations in paragraphs 1-44.

46. S.D. is a qualified individual with a disability.

47. BCSC's actions prevented S.D. from attending school, even though he had a constitutional right to do so.

48. BCSC's actions and inactions created an environment that was severe and pervasive enough to deprive S.D. of access to educational benefits.

49. As a result of discrimination, Plaintiffs have suffered both financially and emotionally.

## COUNT V- RETALIATION

50. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-49.

51. BCSC retaliated against S.D. and D.D. for D.D.'s advocacy for S.D. and because D.D. filed a complaint against BCSC.

52. As a result of BCSC's retaliation, Plaintiffs have suffered financial and emotional harm.

## PRAYER FOR RELIEF

53. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-52.

54. Plaintiffs were harmed as a result of BCSC's actions and seek to be made whole financially.

55. Plaintiffs seek financial damages in an amount to be determined at trial.

56. Plaintiffs are entitled to all damages, including but not limited to compensatory and punitive damages.

57. Plaintiffs' attorneys' fees should be reimbursed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court finds against Defendants and for all other relief deemed just.

Respectfully submitted,
CURLIN & CLAY LAW ASSN. OF ATTYS.,
/s/ Alexandra M. Curlin

---

Alexandra M. Curlin  #24841-49
Curlin & Clay Law
8510 Evergreen Ave., Ste. 200
Indianapolis, IN 46240
amcurlin@curlinclaylaw.com